FILED
2017 Aug-21 PM 04:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JERRY JOSEPH HIGDON, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN WILLIAM T. TAYLOR, ) <br> ) <br> Respondent. ) | Case No.: 1:15-cv-01602-AKK-JHE |

**MEMORANDUM OPINION**

On July 24, 2017, the magistrate judge entered a Report and Recommendation, doc. 15, recommending that the court dismiss the petition for writ of habeas corpus for lack of jurisdiction under the savings clause of 28 U.S.C. §2255(e). The petitioner timely objected, stating (1) that the magistrate judge should not have referred to §2255(e) or the savings clause, and (2) that the magistrate judge failed to address the petitioner's actual innocence argument. Doc. 16 at 1-2. Both objections are due to be overruled.

As an initial matter, the magistrate judge properly analyzed the petition under the savings clause. A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A prisoner may generally seek § 2255 relief only

once, but may file a "second or successive motion" under certain circumstances by obtaining certification from a court of appeals. *See* 28 U.S.C. §§ 2244(b) & 2255(h).

Although a § 2255 motion is ordinarily the only means to challenge the validity of a federal conviction following the conclusion of direct appeal, in rare instances, a prisoner may attack his underlying conviction by bringing a § 2241 habeas corpus application under the "savings clause" in § 2255(e). *See Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013). That clause provides:

> An application for a writ of habeas corpus [(§ 2241)] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [(§ 2255)], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion [(§ 2255)] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, under the "savings clause" of § 2255(e), a federal prisoner may file a § 2241 application challenging the validity of his sentence only if § 2255 is inadequate or ineffective to test the legality of his detention. *See Williams*, 713 F.3d at 1337. As such, the magistrate judge applied the appropriate statutes to reach the conclusion that the court lacks jurisdiction to hear this petition. This objection is **OVERRULED**.

As to the second objection, because the magistrate judge recommended that the court dismiss the petition for lack of jurisdiction, even if the magistrate judge had not reached the merits of the petitioner's claim, there would be no error. However, contrary to the petitioner's objection, the magistrate judge also addressed the petitioner's "actual innocence" claim, finding in the alternative that the court would lack jurisdiction under the pre-*McCarthan* analysis to address the legal innocence claim. *See* doc. 15 at 3-4. This objection is **OVERRULED**.

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

**DONE** the 21st day of August, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE